UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULIS ERNESTO HOWARD,

Petitioner,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.

Case No. 1:26-cv-7547-DC-JDP

FINDINGS AND RECOMMENDATIONS

On November 7, 2014, an immigration judge ordered petitioner Ulis Ernesto Howard removed from the United States and granted him deferral of removal under the Convention Against Torture. ICE then released him from immigration custody on November 12, 2014. On July 30, 2026, ICE re-detained petitioner at a scheduled check-in appointment. Petitioner, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his continued detention is illegal under 8 U.S.C. § 1231, as his removal is not reasonably foreseeable. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On November 7, 2014, an immigration judge ordered petitioner removed and granted deferral of removal under the Convention Against Torture ("CAT"). ECF No. 1-1 at 11-25.

Immigration authorities released petitioner on an order of supervision on November 12, 2014. *Id.* at 6-8. Petitioner's personal report record reflects that he reported in-person to ICE for a decade with negative criminal history checks. *Id.* at 9.

When petitioner reported to ICE as directed on July 30, 2026, ICE re-detained him. *Id.* at 4; ECF No. 7 at 7. ICE revoked his release pursuant to 8 C.F.R. § 241.4(l) because "[i]t is appropriate to enforce the removal order entered against [him] as ICE has the ability and means to effectuate [his] removal." ECF No. 1-1 at 4. Petitioner's case was "under review for removal to an alternative country" than the one in his removal order. *Id.* The notice of revocation of release does not allege that an alternative country had been found or that travel documents had been requested or received. *Id.* Moreover, the notice does not allege that petitioner committed any violation of release conditions.[1] *Id.* The notice does not allege a significant likelihood of petitioner's removal in the reasonably foreseeable future. *Id.* Petitioner filed the instant petition on September 17, 2026. ECF No. 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of

---

[1] The unsigned Form I-213, dated July 31, 2026, states that "investigation determined that the subject was in violation of the terms and conditions outlined by the Order of Supervision Form (I-220B)." ECF No. 7 at 7. No details or supporting documentation were provided by ICE, and respondents indicate that they have no further information. *See* ECF No. 7. This unsupported statement contradicts the notice of revocation of release, issued by ICE's acting assistant field officer director the day prior, which did not allege any violation conduct. *See* ECF No. 1-1 at 4. As there is no proof of such conduct in the record, I do not credit the statement in the Form I-213. *See Palmer v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-6738-DC-SCR, 2026 WL 3120964, at *2 n.2 (E.D. Cal. Oct. 19, 2026) (noting significant error in the Form I-213); *Oliviera Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *2 n.3 (E.D. Cal. Oct. 1, 2026) (noting troubling error in the Form I-213).

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas*, 533 U.S. at 687.

**Analysis**

Petitioner asserts he must be released from custody because his removal is not significantly likely to occur in the reasonably foreseeable future. *See* ECF No. 1 at 15. Respondents do not provide any indication that removal is likely but rather argue that petitioner is still within the 90-day period of statutory mandatory detention for removal under 8 U.S.C. § 1231(a)(2). *See* ECF No. 7.

In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Petitioner's removal period began on November 12, 2014, the date of his removal order. *See* ECF No. 1-1 at 25; 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1. When a noncitizen is ordered removed, the Attorney General "shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period.')." 8 U.S.C. § 1231(a)(1). Rather than remove petitioner, ICE released him on an order of supervision five days later. *See* ECF No. 1-1 at 6..

"Congress intended for inadmissible, excludable, or removable aliens to be deported within 90 days, if possible." *Ulysse v. Dep't of Homeland Sec.*, 291 F. Supp. 2d 1318, 1325 (M.D. Fla. 2003). Congress provided for the removal period to be suspended only "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."[2] *See* 8 U.S.C. § 1231(a)(1)(C). Petitioner's removal period thus ran from the time the removal order became administratively final in November 2014 and expired in early 2015, when

---

[2] There are no facts or arguments supporting the application of this provision against petitioner. *See* ECF No. 7.

he was out of custody supervised by ICE.[3] *See Ulysse*, 291 F. Supp.2d at 1325-26 (removal period begins when the removal order is final, not when the noncitizen is taken into custody); *Gregorio Ordonez v. Bondi*, No. 2:25-cv-2356-JHC-TLF, 2025 WL 3852444, at *6 (W.D. Wash. Dec. 19, 2025), *report and recommendation adopted,* 2026 WL 30022 (W.D. Wash. Jan. 5, 2026) (same); *M.L.G.G. v. Wamsley*, No. 6:25-cv-2012-AA, 2025 WL 3539183 (D. Or. Dec. 10, 2025) (same). Accordingly, the government is currently detaining petitioner under § 1231(a)(6), which permits detention beyond the 90-day period for the purpose of removal.

Petitioner argues that he should be released because there is no significant likelihood of his removal in the reasonably foreseeable future.[4] *See* ECF No. 1 at 15. In *Zadvydas*, the Supreme Court adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal.[5] *Zadvydas*, 533 U.S. at 701. However, "[t]he burden-shifting framework from *Zadvydas* does not apply where the petitioner has already been issued a final order of removal, detained, and subsequently released." *Espada v. Doe*, No. 5:25-cv-2983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026) (cleaned up), *report and recommendation adopted*, 2026 WL 192150 (C.D. Cal. Jan. 23, 2026) (granting habeas petition for the petitioner who had deferral of removal under CAT); *see also Nguyen v. Hyde*, 788 F. Supp. 3d 144, 149 (D. Mass. 2025).

ICE's prior release of petitioner on an order of supervision after holding him unsuccessfully for removal means that the burden is now on the government, not petitioner, to show that there is a significant likelihood of removal in the reasonably foreseeable future. *See Rondon Morejon v. Warden*, No. 1:26-cv-6761-DAD-AC, 2026 WL 2621039, at *1 (E.D. Cal. Sept. 4, 2026). The government has not met its burden. *See* ECF No. 7. In 2014, an immigration

---

[3] Even if petitioner's 90-day removal period re-started when he was re-detained on July 30, 2026, it has since expired.

[4] Because I recommend granting the petition on the second claim, I do not address the first claim, which argues that ICE failed to comply with its regulations in re-detaining petitioner. *See* ECF No. 1 at 10.

[5] After the first six months of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

court granted petitioner deferral from removal to his home country under the Convention Against Torture. *See* ECF No. 1-1 at 25. No other country was designated for removal by the immigration court. *Id.* When ICE re-detained petitioner on July 30, 2026, at his mandated check-in, it had not identified a different country for removal; rather, it stated that his "case was under review for removal to an alternative country." *Id.* at 4. Petitioner alleges that "ICE has no plan to execute the Petitioner's removal to an alternative country." ECF No. 1 at 3. Importantly, petitioner alleges that "ICE officers have identified no alternate country willing to receive the Petitioner. ICE officers possess no identified travel document for an alternate country and have not scheduled the Petitioner's removal." *Id.* The government does not contest these allegations. *See* ECF No. 6 at 2 ("Respondents do not have any further information beyond the exhibits attached to this response.") ICE was not able to remove petitioner in 2014 when it first released him from supervision during the 90-day statutory period provided by 8 U.S.C. § 1231(a)(1)(A). Now, it has detained petitioner for an additional three months and has not removed him, much less identified an alternate country for removal.[6]

Accordingly, as petitioner is not being held in custody with a significant likelihood of removal in the reasonably foreseeable future, I recommend that he be immediately released. *See*

---

[6] Even if petitioner were being detained within the presumptively reasonable detention period under *Zadvydas*, I would recommend release. The Supreme Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Id.* at 699. The Court thus rejected a rigid application of the six-month period and confirmed that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*. at 699, 702. "[T]he government is not guaranteed the right to hold a noncitizen for at least six months." *Rizo v. Bondi*, No. 2:26-cv-0421-MMD-EJY, 2026 WL 1180266, at *2 (D. Nev. Apr. 30, 2026), *reconsideration denied,* 2026 WL 1197245 (D. Nev. May 1, 2026); *see also Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption . . . not a prohibition on claims challenging detention less than six months."); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). Accordingly, the six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See e.g., Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-2567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026); *Douglas v. Baker*, No. 25-cv-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman,* 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025). Petitioner has rebutted the presumption that his continued detention is reasonable.

*Couso Mendez v. Warden, California City Det. Facility*, No. 1:26-cv-4977-TLN-JDP, 2026 WL 2192274 (E.D. Cal. July 29, 2026), *report and recommendation adopted sub nom. Couso M. v. Warden, California City Det. Facility*, 2026 WL 2216125 (E.D. Cal. July 31, 2026) (ordering immediate release of the petitioner where there was no significant likelihood of removal after the 90-day statutory period expired); *Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *2 (E.D. Cal. May 19, 2026) (rejecting the respondent's argument that ICE is "now attempting to identify a third country for removal" as a basis for ongoing detention); *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025) (finding that government's claim to be seeking a travel document was insufficient to show likely removal).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 087-618-160) from its custody subject to the previously-imposed conditions of release, if any.

3. The government be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.

5. The Clerk of Court be directed to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE